

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 4, 1949

Hon. John B. Stapleton
District Attorney
110th Judicial District
Floydada, Texas

Opinion No. V-766.

Re: The legality of simultane-
ous separate consolidation
elections which will con-
solidate Floydada Indepen-
dent School District and
such contiguous common
school districts as vote
favorably in their sepa-
rate elections.

Dear Sir:

We refer to your letters of December 20 and
31, 1948, wherein you have requested an opinion con-
cerning the legality of simultaneously holding separate
consolidation elections between Floydada Independent
School District and each of several contiguous common
school districts with a view to creating a new school
district which would include the Floydada District and
such of the others as vote favorably on consolidation.

Article 2806, V.C.S., as amended, provides in
part:

"On the petition of twenty (20) or a ma-
jority of the legally qualified voters of each
of several contiguous common school districts,
or contiguous independent school districts,
praying for the consolidation of such dis-
tricts for school purposes, the County Judge
shall issue an order for an election to be
held on the same day in each such district.
The County Judge shall give notice of the date
of such elections by publication of the order
in some newspaper published in the county for
twenty (20) days prior to the date on which
such elections are ordered, or by posting a
notice of such elections in each of the dis-
tricts, or by both such publication and post-
ed notice. The Commissioners' Court shall,
at its next meeting, canvass the returns of

such elections, and if the votes cast in each and all districts show a majority in each district voting separately in favor of such consolidation, the Court shall declare the school districts consolidated." (Emphasis ours.)

This statute provides the specific method or procedure by which "A" District, "B" District and "C" District may be consolidated with the Floydada I. S. D. at the same instant to form a single new consolidated school district. It requires the presentation of a petition to the County Judge containing 20, or a majority, of the qualified voters of each of the contiguous districts praying for consolidation of such districts for school purposes.

Under its express provisions the consolidation of such four districts can be effected only where the proposed consolidation has carried by a majority vote in each district at an election held separately in each of the interested school districts. A. G. Opinion V-531 and cases cited therein. Under its requirements the Commissioners' Court would be without authority to declare a consolidation of any less number of districts than the four voting at the election called for said purpose.

Clearly Article 2806 contemplates, the required petition being proper, that an election be called to be held in each of the districts on whether the four contiguous school districts shall be consolidated to form a new school district comprising such four former school districts. Can it be said as a matter of law that any one of the districts vote on the question of consolidation with the three other districts when it votes only on the proposition whether it shall consolidate with the Floydada district as it exists at the time of the election? To state the question is to give a negative answer.

The identical question has been before this department on several occasions involving the matter of approval of bonds issued by consolidated districts, and in each instance the same conclusion was reached. As recently as November 19, 1948, the Attorney General advised such a district by letter as follows:

> "Article 2806 provides, in effect, that
> on the petition of twenty or a majority of
> the legally qualified voters of each of <u>sev-
> eral</u> school districts praying for the con-
> solidation of such districts for school pur-
> poses, the county judge shall order an elec-
> tion to be held on the same day in each such
> district. Our interpretation of this previ-
> sion is that the petition must pray for the
> consolidation of all the school districts af-
> fected. However, the petition of each com-
> mon school district prays only for the con-
> solidation of such districts, respectively,
> with the . . . District. Moreover, the elec-
> tion notices, election returns and canvassing
> orders were prepared similarly. It is the
> opinion of this Department that this error is
> fundamental."

The construction by the Attorney General of
the provisions of Article 2806 was widely known. It is
an established principle of statutory construction that
the interpretations of the Attorney General of the pro-
visions of the law, although not binding on the courts,
is highly persuasive. The interpretation of the Attor-
ney General of the provisions of Article 2806 was of
general knowledge long prior to the session of the last
Legislature. However, Article 2806 was not amended or
changed.

The purpose of Article 2806, in our opinion,
is not for the enlargement of any one school district
in any manner such as advanced by the Floydada district.
Rather, it is to enable the creation of a new, larger
school district by the consolidation of two or more
smaller districts when each of such interested petition-
ing districts vote in favor thereof. County Bd. of
School Trustees of Limestone County v. Wilson, 15 S. W.
(2d) 144; State v. Cadenhead, 129 S. W. (2d) 743; Tri-
nity I. S. D. v. Dist. Trustees, etc., 135 S. W. (2d)
1021; Weaver v. Bd. of Trustees of Wilson I. S. D., 184
S. W. (2d) 864; Pyote I. S. D. v. Dyer, 34 S. W. (2d)
578; Bigfoot I. S. D. v. Genard, 116 S. W. (2d) 804;
A. G. Opinion No. V-562. Article 2806 specifically pro-
viding the sole procedure by which school districts may
be consolidated and authorizing consolidations of such
districts only when each petitioning district votes in
favor of consolidating such districts, it follows that
no school district may accomplish by indirection that

which may not be done directly under said statute. The
Floydada district may not legally accomplish consolida-
tion in the manner it proposes. It is an accepted rule
of statutory construction that where the performance of
a certain thing in a particular manner or by a particu-
lar person is directed, there is an implied command
that it be not done otherwise, or by some other person.
59 C. J. 984; County School Trustees v. Harrall County
L. I. Sch. Dist., 95 S. W. (2d) 204 at 206.

In Rhea C. S. D. v. Bovina I. S. D., 214 S. W.
(2d) 660, cited in your brief, the facts were that there
was no concerted plan on the part of the districts in-
volved to thwart the plain provisions and procedure of
Article 2806. This constitutes in our opinion a funda-
mental distinguishable ground sufficient for advising
that the Rhea-Bovina Case is inapplicable to the ques-
tion presented herein. Under the facts of Rhea-Bovina
Case, the Oklahoma and Bovina districts acting under
Article 2806 filed their petition on April 8, 1948, with
the County Judge who promptly called an election for May
8 on the issue of their consolidation. On April 14, the
Rhea and Bovina districts filed their petitions with the
same County Judge who called an election for May 8 on
the issue of their consolidation. In the election, the
Oklahoma-Bovina Consolidation failed to carry, but the
Rhea-Bovina consolidation did carry. The latter two
districts were declared consolidated and said election
was declared valid by the trial court whose judgment
was affirmed in the cited opinion of the Court of Civil
Appeals.

What the court's judgment would have been in
this election contest case had the Oklahoma-Bovina Con-
solidation also carried, it did not attempt to decide
or comment upon. But the Court did point out in its
opinion at page 662 that, "The certified copy of these
proceedings clearly and affirmatively evidence an in-
tention to consolidate the Rhea district with the Bovi-
na district, and thus we find the elections of May 8 to
be valid. . ." Certainly the same copy of the proceed-
ings showing such intention to consolidate Rhea and the
Bovina districts could not in any wise be construed as
evidencing an intention to consolidate the Rhea district
to the Oklahoma-Bovina new school entity, assuming, for
the moment, that the Oklahoma-Bovina consolidation had
also carried.

Before the election proceedings may clearly and affirmatively evidence an intention to consolidate Floydada district and districts "A", "B", and "C", the petitions required of each such district under Article 2806, the election order, election notices, the ballots used in each of such districts, and the declaration of the Commissioners' Court must show that each district proposed to be consolidated voted favorably on the proposition of consolidation with each of the other three districts. Any other proceedings, in our opinion, contravene the plain provisions of Article 2806, as amended.

SUMMARY

In the consolidation of school districts, all school districts involved must be named in the petition and other election proceedings. The proposed plan whereby contiguous school districts in simultaneous separate consolidation elections attempt to consolidate Floydada I. S. D. and such districts as vote favorably in their separate elections contravenes the provisions of Article 2806, V. C. S., as amended.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:bh

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL